IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>BARKER BROTHERS, INC., d/b/a PITTSBURGH NORTH AIRE RIDE,<br>　　　　Defendant. | 2:04cv1764<br>Electronic Filing |

## MEMORANDUM ORDER

AND NOW, this **3** day of January, 2006, after de novo review of the record and upon due consideration of the magistrate judge's report and recommendation filed on November 22, 2005, and defendant's objections thereto, IT IS ORDERED that defendant's motion for summary judgment (Docket No. 15) and its motion to strike portions of the Declaration Under Penalty of Perjury of Wage and Hour Investigator David Havrilla (Docket No. 24) be, and the same hereby are, denied;

IT FURTHER IS ORDERED that plaintiff's cross-motion for partial summary judgment (Docket No. 19) be, and the same hereby is, denied. The magistrate judge's report and recommendation (Docket No. 35) as augmented herein is adopted as the opinion of the court.

Defendant's objections are without merit. First, even assuming that the challenged information is subject to an evidentiary challenge as hearsay, which plaintiff has pointed out in her response is less than clear, it has long been settled that "hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present the evidence through direct testimony, i.e., in a form that 'would be admissible at trial.'" J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990) (quoting Williams v. Borough of West Chester, 891 F.2d 458, 465-66 n. 12 (3d Cir.1989)); see also Celotex v. Catrett, 477 U.S. 317, 324 (1986) (rejecting view that non-moving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment). The United States Court of Appeals for the Third Circuit has reiterated this principle in no uncertain terms on a number of occasions. Stelwagon Manufacturing Co. v. Tarmac Roofing Systems, Inc., 63 F.3d

1267, 1275 n.17 (3d Cir. 1995) ("the rule in this circuit is that hearsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial.") (citing Petruzzi's IGA Supermarkets Inc. v. Darling-Delaware Co., 998 F.2d 1224, 1234 n.9 (3d Cir. 1993) and J.F. Fesser, 909 F.2d at 1542); see also Blackburn v. United Parcel Service, Inc., 179 F.3d 81, 95 (3d Cir.1999) (same). We of course are bound to apply this settled principle to the matter at hand and it appears that plaintiff would be able to produce the declarants and elicit their testimony at trial if required to do so. It follows that the declaration of Wage and Hour Investigator David Havrilla can neither be stricken from the record nor ignored for the purpose of adjudication defendant's motion for summary judgment.

Second, defendant's objections on substantive grounds fail to accord proper weight to the general principles governing our construction of the FLSA. As the magistrate judge aptly observed, exemptions under the FLSA are to be narrowly construed and defendant has the burden of proving that its operations fall clearly and unmistakably within the terms and spirit of the claimed exemption. See Reich v. Gateway Press, Inc.,13 F.3d 685, 694 & n.11 (3d Cir 1994) ("the Supreme Court has long held that exemptions from the FLSA are to be narrowly construed against the employer" and a defendant "has the burden of proving that [any claimed] exemption[] applies clearly and unmistakably.") (citing Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 206 (1966)). The defendant's evidence falls well short of meeting these demanding standards. Accordingly, the magistrate judge appropriately recommended that defendant's motion for summary judgment be denied.

_____
David Stewart Cercone
United States District Judge


cc:   Honorable Robert C. Mitchell
      United States Magistrate Judge

      Albert W. Schollaert, AUSA

Theresa C. Timlin, Esquire
Natalie A. Appetta, Esquire
U.S. Department of Labor
The Curtis Center, Suite 630 East
170 S. Independence Mall West
Philadelphia, PA 19106-3306

James G. Seaman, Esquire
Christina I. Kepplinger, Esquire
Eckert Seamans Cherin & Mellott
44th Floor, U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219